## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**TODD J. BRUSEAU,**

    **Plaintiff,**

  v.

**FRANKLIN COUNTY CORRECTION OFFICERS, et al.,**

    **Defendants.**

**Case No. 2:20-cv-2843**
**Chief Judge Algenon L. Marbley**
**Magistrate Judge Kimberly A. Jolson**

### REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Doc. 1). Plaintiff's request to proceed *in forma pauperis* is **GRANTED**. All judicial officers who render services in this action shall do so as if the costs had been prepaid. 28 U.S.C. § 1915(a). However, having performed an initial screen and for the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's claims.

### I. BACKGROUND

Plaintiff has brought suit against "Franklin County Employees/Jail"; Napa Care Nurse"; and Nazi Holicaust [sic] Chair." (Doc. 1-1 at 2). While not entirely clear, Plaintiff's claims seem to stem from his time in custody in November 2017 at Franklin County Correctional Center. (*See generally id*.). Specifically, he alleges that he had an altercation with two inmates. (*Id*. at 5). He claims that he was subsequently transferred to a "disciplinary lock down holding cell" where he allegedly used a razor to "split[] [his] forarm [sic] six times." (*Id*. at 6). According to Plaintiff, a guard took him to receive medical treatment, and a "nappa-care" nurse "started running hot water over [his] cuts" and "started slapping [his] forearm" while "a nother [sic] female in the room []

was video recording the back of [his] head." (*Id*. at 7).  He "said 'what are you looking at bitch' [and] the nurse from nappa-care said 'what are you a fagget? So [he] turned around and spit on her!" (*Id*.).

At that point, "seven female cops" allegedly "grabbed [him] by the back of [his] neck and bent [him] over and buckled [his] legs in, then spread [his] feet and handcuffed [his] hands tightly behind [him] [and] dragged [him] out of the room, down the hall to another room with a table and a sharp cornered metal filing cabinet right in the middle of the large room, tight up against the wall." (*Id*.).  The "seven females" allegedly "yanked up [his] arm and crossed [his] left leg behind [his] right one, picked [him] up off the floor and slammed the left side of [his] chest right on [his] ribs." (*Id*. at 8).  Plaintiff further alleges "[t]he next thing [he] know [sic], [he was] being slammed backwards into holocaust chair [and] [his] hands were still tightly squeezed into handcuffs with [his] thumbs backwards." (*Id*.).  Plaintiff alleges that he does not know how long he was in the "toucher [sic] chair" but "that [he] woke up in the glass observation room completely naked on the floor, bleeding from [his] arm, [] nose, [] lip and had a white substance coming [sic] from [his] eyes." (*Id*. at 8–9).  For relief, Plaintiff seeks "740,000.00 in a personell [sic] check the day that [he] win[s] in court." (*Id*. at 4).

## II.    LEGAL STANDARD

Because Plaintiff is proceeding *in forma pauperis*, the Court must dismiss the Complaint, or any portion of it, that is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  In reviewing a complaint, the Court must construe it in Plaintiff's favor, accept all well-pleaded factual allegations as true, and evaluate whether it contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). In sum, although *pro se* complaints are to be construed liberally, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), "basic pleading essentials" are still required, *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

### III. DISCUSSION

Plaintiff's Complaint must be dismissed for two primary reasons. First, Plaintiff's case is barred by the statute of limitations. Further, Plaintiff has failed to name a single Defendant in this case, and his Complaint fails to state a claim for relief as a result.

#### A. Statute of Limitations

"[A]lthough the statute of limitations is an affirmative defense, a complaint may be dismissed as frivolous on initial screening if the allegations of the complaint on their face demonstrate that the claim would be barred by the applicable statute of limitations." *Blue v. City of Lakewood, Ohio*, No. 1:19 CV 2851, 2020 WL 2747964, at *2 (N.D. Ohio May 27, 2020) (citing *Fraley v. Ohio Gallia Cty.*, No. 97-3564, 1998 WL 789385 *2 (6th Cir. Oct. 30, 1998)). It is apparent on the face of Plaintiff's Complaint that his action is time barred. "For § 1983 claims arising in Ohio, the statute of limitations is two years." *Blue*, 2020 WL 2747964, at *2 (citing *Browning v. Pendleton*, 869 F.2d 989, 999 (6th Cir. 1989)). Plaintiff's allegations stem from alleged incidents in "early November 2017," (Doc. 1-1 at 5), which is more than two years before he filed this lawsuit on June 2, 2020. Plaintiff's claims are barred by the statute of limitations as a result. *See Blue*, 2020 WL 2747964, at *2 (screening plaintiff's complaint because the alleged conduct occurred more than two years before she filed her complaint).

3

### B. Failure to State a Claim

Moreover, Plaintiff has failed to plead sufficient facts that, if accepted as true, would state a facially plausible claim. *See Iqbal*, 556 U.S. at 678. Plaintiff cannot seek monetary relief from a "nazi chair," or, what the Undersigned understands to be a restraint chair. Nor can he seek relief, collectively, from all "Franklin Country Correction Officers." Indeed, he has failed to name a single Defendant in this case. "It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants." *Young v. Cady*, No. 1:10-CV-1209, 2011 WL 201828, at *2 (W.D. Mich. Jan. 18, 2011) (citing *Twombly*, 550 U.S. at 544). The purpose of this requirement is to provide defendants fair notice of the claim. *Young*, 2011 WL 201828, at *2 (citing *Twombly*, 550 U.S. at 544). Failure to meet this basic pleading requirement warrants dismissal "even under the liberal construction afforded to pro se complaints." *Young*, 2011 WL 201828, at *2 (collecting cases and noting that, because "[p]laintiff d[id] not name any Defendant in the body of his complaint or indicate who was involved in what allegedly unconstitutional conduct[,] [h]is complaint therefore f[ell] far short of the minimal pleading standards under Fed. R. Civ. P. 8"); *see also Johnson v. Madison Cty.*, No. 19-1048-JDT-CGC, 2019 WL 5566534, at *4 (W.D. Tenn. Oct. 28, 2019) (dismissing complaint where plaintiff "d[id] not name any individual responsible for the[] alleged violations"). And because Plaintiff failed to name any Defendant responsible for the alleged conduct, his Complaint fails to state a relief and must be dismissed.

### III. CONCLUSION

For the foregoing reasons, the Undersigned **GRANTS** Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Doc. 1) and **RECOMMENDS** that the Court **DISMISS** Plaintiff's Complaint.

**Procedure on Objections**

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. § 636(b)(1).  Failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140, 152–53 (1985).

IT IS SO ORDERED.

Date: June 10, 2020	/s/Kimberly A. Jolson
	KIMBERLY A. JOLSON
	UNITED STATES MAGISTRATE JUDGE