# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| TODD J. BRUSEAU, | : |
| | : Case No. 2:20-cv-2843 |
| Plaintiff, | : |
| | : Chief Judge Algenon L. Marbley |
| v. | : |
| | : Magistrate Judge Kimberly A. Jolson |
| | : |
| FRANKLIN COUNTY CORRECTION OFFICERS, *et al.*, | : |
| | : |
| Defendants. | |

## OPINION & ORDER

This matter comes before the Court on Magistrate Judge Jolson's June 10, 2020 Report and Recommendation that this case be dismissed as time barred and for failure to state a claim upon which relief may be granted. (ECF No. 3 at 4). Plaintiff requested to proceed *in forma pauperis*, permitting the Magistrate Judge to dismiss any portion of the Complaint that fails to state a claim upon which relief may be granted or seeks monetary relief from an immune or improper defendant. 28 U.S.C. § 1915(e)(2). (ECF No. 3 at 2). Magistrate Judge Jolson granted Plaintiff's request to proceed *in forma pauperis*. (*Id.* at 1). The subsequent Report and Recommendation suggested that Plaintiff's claims be dismissed as time-barred and also found that Plaintiff failed to state a claim upon which relief could be granted. (*Id.* at 4). Plaintiff did not file any objections to the Magistrate Judge's Report. Now, this Court is asked to adopt the Report and Recommendation. For the following reasons, this Court **ADOPTS** the Magistrate Judge's Report and Recommendation. The matter is hereby **DISMISSED**.

## I. BACKGROUND

On June 2, 2020, Plaintiff filed a Complaint against numerous individuals, identified as follows: "Franklin County Employees/Jail," Napa Care Nurse," and "Nazi Holicaust [sic] Chair," for injuries he allegedly sustained during his November 2017 incarceration. (ECF No. 1 at 5, 8). Specifically, he alleges that he had an altercation with two inmates. (*Id.* at 5). He claims that he was subsequently transferred to a disciplinary holding cell, where he allegedly used a razor to "split[] [his] forarm [sic] six times." (*Id.* at 6). Plaintiff further represents that a guard took him to receive medical treatment, and a "nappa-care" nurse "started running hot water over [his'] cuts" and "started slapping [his] forearm" while a different "female in the room . . . was video recording the back of [his] head." (*Id.* at 7).

At that point, Plaintiff explains "seven female cops" allegedly "grabbed [him] by the back of [his] neck and bent [him] over and buckled [his] legs in, then spread [his] feet and handcuffed [his] hands tightly behind [him] [and] dragged [him] out of the room, down the hall to another room with a table and a sharp cornered metal filing cabinet right in the middle of the large room, tight up against the wall." (*Id.*). The "seven females" allegedly "yanked up [his] arm and crossed [his] left leg behind [his] right one, picked [him] up off the floor and slammed the left side of [his] chest right on [his] ribs." (*Id.* at 8). Plaintiff further alleges "[t]he next thing [he] know [sic], [he was] being slammed backwards into holocaust chair [and] [his] hands were still tightly squeezed into handcuffs with [his] thumbs backwards." (*Id.*). Plaintiff alleges that he does not know how long he was in the "toucher [sic] chair" but "that [he] woke up in the glass observation room completely naked on the floor, bleeding from [his] arm, [] nose, [] lip and had a white substance coming [sic] from [his] eyes." (*Id.* at 8-9). For relief, Plaintiff seeks "740,000.00 in a personell [sic] check the day that [he] win[s] in court." (*Id.* at 4).

2

## II. STANDARD OF REVIEW

A party's objections to a magistrate judge's recommendation are reviewed *de novo* by the district court. 28 U.S.C.S. § 636(b)(1)(C). *See Thomas v. Arn*, 474 U.S. 140, 152-53 (1985). When a party fails to timely object to a magistrate judge's report and recommendation, however, he waives any further review of his claims. *Thomas*, 474 U.S. at 152-53. In addition, dismissal is proper if a cause of action matured after the applicable statute of limitations period. *Fraley v. Ohio Gallia Cty.*, No. 97-3564, 1998 U.S. App. LEXIS 28078, at *4 (6th Cir. 1998) (citing another source). Ohio law establishes a two-year statute of limitations period for § 1983 claims. *Printup v. Dir., Ohio Dep't of Job & Family Servs.*, 654 F. App'x 781, 785 (6th Cir. 2016) (citing another source).

## III. LAW & ANALYSIS

### A. Statute of Limitations

Plaintiff's claims stem from incidents in "early November 2017," which is more than two years before June 6, 2020, *i.e.*, when Plaintiff filed his Complaint. (ECF. No. 1 at 8). Because Ohio establishes a two-year statute of limitations period for § 1983 claims, Plaintiff's claims are not timely and are barred.

### B. Failure to State a Claim

Further, even accepting the allegations in the Complaint as true, Plaintiff has failed to state a facially plausible claim upon which relief may be granted. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Complaint fails to name a single Defendant, nor does it allege facts with specificity as to how Defendants violated Plaintiff's rights. *Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (affirming dismissal where plaintiff failed to state how the defendants violated his rights), *Young v. Cady*, No. 1:10-CV-1209, 2011 WL 201828, at *2

(W.D. Mich. Jan. 18, 2011) (explaining that a plaintiff must attribute "factual allegations to particular defendants) (citing *Twombly*, 550 U.S. at 544).

Finally, Plaintiff's Complaint is overbroad. Plaintiff cannot seek monetary relief from *all* of Franklin County Correction Officers, for instance.  Even taking Plaintiff's claims as true, Plaintiff fails to identify how his restraint and subsequent medical care rendered by the officers and nurses violated his rights. Moreover, Plaintiff cannot recover against the "Nazi Holicaust Chair," which is presumably the restraint chair in which he was placed after he reports harming himself. *See J.H. v. Williamson Cty.*, 951 F.3d 709, 728 (6th Cir. 2020) (citing *Blackmon v. Sutton*, 734 F.3d 1237, 1242, 1244 (10th Cir. 2013)) (indicating the use of a restraint chair may be appropriate where a detainee poses a grave threat to himself or others), *see also Grinter v. Knight*, 532 F.3d 567, 574 (6th Cir. 2008) (finding no constitutional violation where prisoner was placed in a restraint chair for four hours.) Consequently, Plaintiff's Complaint fails to state a plausible claim of relief against the Defendants.

## IV.   CONCLUSION

Having reviewed the Magistrate Judge's Report and Recommendation, and noting that no objections have been filed, this Court concurs with the analysis. For those reasons, this Court **ADOPTS** Magistrate Judge Jolson's June 10, 2020 Report and Recommendation and hereby **DISMISSES** this matter.

Plaintiff should feel free, however, to submit any claims arising from his time while incarcerated that are not barred by the statute of limitations and are specific enough to grant relief.

**IT IS SO ORDERED.**

                                                          **ALGENON L. MARBLEY**
                                                        **CHIEF UNITED STATES DISTRICT JUDGE**

**DATE: November 2, 2020**